UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT EARL VOGT,<br><br>        Petitioner,<br>v.<br><br>STATE OF MINNESOTA,<br><br>        Respondent. | Civil File No. 05-2317 (JMR/JJG)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus application is barred by the statute of limitations. The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

On September 11, 2000, Petitioner pleaded guilty to two counts of second degree criminal sexual conduct, in violation of Minn.Stat. § 609.343, subd. 1(a) and 2. Petitioner later tried to withdraw his guilty plea, but on December 5, 2000, his motion to withdraw his plea was denied, and he was sentenced to 96 months in state prison.

Petitioner filed a direct appeal following his conviction and sentence, but that appeal

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

was dismissed by stipulation on March 26, 2001.

Petitioner claims that in October 2001, he initiated a new effort to challenge his conviction and sentence. He contends that he sought legal assistance from the state public defender's office, but he got no help until nearly a year later. Eventually, the public defender's officer referred Petitioner's case to outside counsel, Attorney Mary M. MacMahon, and on October 25, 2002, Petitioner's new attorney filed a state post-conviction motion on his behalf.

On November 26, 2002, Petitioner's post-conviction motion was granted in part, and denied in part. The state court judge amended Petitioner's sentence so that his five-year term of conditional release would end contemporaneously with his original sentence, but his motion to vacate his guilty plea was denied. Petitioner did not appeal the ruling on his post-conviction motion, and he did not file any further challenges to his conviction or sentence until more than fifteen months later.

Petitioner's next court filing was a pro se "Motion to Amend Sentence" that he brought in the trial court in March 2004. In that motion, Petitioner claimed that he should be re-sentenced because of numerous errors that allegedly occurred at his original sentencing. Petitioner's motion to amend his sentence was denied on April 13, 2004. Petitioner appealed that ruling to the Minnesota Court of Appeals, but his appeal was denied, and his sentence was affirmed. Vogt v. State of Minnesota, No. A04-803 (Minn.App. 2005), 2005 WL 44461 (unpublished opinion). Petitioner's application for further review in the Minnesota Supreme Court was initially granted, but stayed. The order granting further review was subsequently vacated, however, and the State Supreme Court finally declined to review Petitioner's case on September 20, 2005.

On September 30, 2005, Petitioner filed his current federal habeas corpus petition, which lists six grounds for relief, described as follows:

(1) "Ineffective assistance of initial post-conviction counsel;"

(2) "Excessive, unjustified and unreasonable length of sentence;"

(3) "The trial court erred by departing from the guideline sentence absent written substantial and compelling reasons why;"

(4) "Petitioner was denied substantive review of his sentencing complaints on their merits;"

(5) "Petitioner's sentence is unconstitutional;" and

(6) "Factually disputed criminal history score incorrect."

(Petition, [Docket No. 1], pp. 4-5.)

When this matter first came before this Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The District Courts, the Court noted that Petitioner was challenging a sentence that was imposed nearly five years ago, and that his petition appeared to be barred by the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d)(1). Petitioner was therefore ordered to file an affidavit and memorandum that would show the full procedural history of his case, and explain why this action should not be summarily dismissed due to untimeliness. (See Order dated October 5, 2005; [Docket No. 5].)

The materials that Petitioner has submitted in response to the Court's prior order, ("Affidavit Of Robert Earl Vogt And Response to October 5, 2005 Order," [Docket No. 7]), confirm that this action is indeed time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> >(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims

are based on any newly-recognized (and retroactively applicable) constitutional right or any new evidence that could not have been discovered earlier.[2]  Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment became final on direct review on March 26, 2001, when the Minnesota Court of Appeals dismissed his direct appeal by stipulation.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final, and the one-year statute of limitations began to run, on March 26, 2001, and the statute of limitations expired one year later, on March 26, 2002.

The Court recognizes, of course, that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court.  The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate

---

[2]  The Court notes that in Petitioner's second state post-conviction action, the Minnesota Court of Appeals considered whether Petitioner was entitled to any relief under Blakely v. Washington, 542 U.S. 296 (2004).  The Court of Appeals concluded that Petitioner did not have an actionable Blakely claim, because Blakely is not retroactively applicable on collateral review. Vogt, 2005 WL 44461 at *3.  Blakely is not mentioned in Petitioner's current habeas corpus petition; but even if he had presented a claim based on Blakely, it would not affect the statute of limitations analysis, because – as the State Court correctly determined -- Blakely is not retroactively applicable on collateral review.  United States v. Stoltz, 04-3968 (8th Cir. 2005), 2005 WL 2484417 (unpublished opinion) at **2-3; see also Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review).

courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner, because the statute of limitations had already expired before he sought post-conviction relief in the state courts. The statute of limitations expired on March 26, 2002, and Petitioner did not file his first state post-conviction motion until October 25, 2002, which was nearly seven months after the statute of limitations deadline. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner contends that his first state post-conviction motion should be deemed to have been filed earlier, (i.e., sometime before the statute of limitations expired), because it was (allegedly) the public defender's fault that his post-conviction motion was filed so late. This argument fails for two reasons.

First, the difficulties that Petitioner encountered when he tried to get the public defender's office to represent him in his first post-conviction action do not constitute the type of extraordinary circumstances that allow for an extended, or "equitable," tolling of the statute of limitations. As the Court of Appeals explained in Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001):

6

> "There is no constitutional right to counsel in seeking state post-conviction relief, [citation omitted], and no statutory right to counsel under Minnesota law, [citation omitted].  Thus, an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling."

See also Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), cert. denied, 539 U.S. 933 (2003).

Second, even if the one-year limitation period never began to run until the first post-conviction motion was completed on November 26, 2002, the present petition still would be time-barred, because Petitioner did not file his second post-conviction motion until March 2004 – which was more than one year after the first motion had been finally adjudicated.  In other words, even if the statute of limitations did not begin to run until November 26, 2002, (a proposition that has already been rejected), the one-year limitation period still expired before Petitioner "re-tolled" the statute by filing his second post-conviction motion in March 2004.

Petitioner may believe that his state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete.  That, however, is simply not the case.  As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute

7

begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Again, even if the statute of limitations did not begin to run until the first post-conviction motion was decided, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the federal statute of limitations had already expired before he filed his second motion for post-conviction relief in the trial court. By the time Petitioner filed his second state post-conviction motion, it was already too late to seek federal habeas relief.

### III. CONCLUSION

The Court concludes, for the reasons discussed above, that Petitioner's habeas corpus action is time-barred pursuant to 28 U.S.C. § 2244(d), and that this case should be summarily dismissed pursuant to Rule 4 of the Governing Rules. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, the Court will recommend that this action be dismissed with prejudice.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 4.) That request must be denied, because petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be

entertained). Petitioner's pending motion for appointment of counsel, (Docket No. 3), must also be denied because his habeas petition cannot properly be entertained in federal court. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily DENIED;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 4), be DENIED;

3. Petitioner's motion for appointment of counsel, (Docket No. 3), be DENIED; and

4. This action be DISMISSED WITH PREJUDICE.

DATED:   December 2, 2005                              s/Jeanne J. Graham
                                                                                  ─────────────────────────
                                                                                  JEANNE J. GRAHAM
                                                                                  United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by December 21, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.